IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

ALLEN L. DAVENPORT, #667084      §

VS.      §          CIVIL ACTION NO. 6:06cv497

NATHANIEL QUARTERMAN, ET AL.      §

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Allen L. Davenport, a prisoner confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The original complaint was filed on November 13, 2006. The Plaintiff complained about being denied access to toilet facilities in the dayroom, which forced him to resort to defecating on the floor in the dayroom. On February 15, 2007, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. The hearing is "in the nature of a motion for more definite statement." *Id.* at 180-181. The Plaintiff testified as to the factual basis of his claims. Regional Grievance Coordinator Chip Satterwhite, Assistant Warden Eddie Baker and

1

Nurse Kathy Grey were present during the hearing in the event the Court wanted testimony about information contained in the Plaintiff's prison records or about prison policies.

The incident which is the subject of the complaint occurred at the Coffield Unit on May 6, 2006, at approximately thirty minutes before the last meal. The Plaintiff had just returned to his cell block from the infirmary, where he had been examined for a stomach virus. The Plaintiff showed Sgt. Willis his lay-in pass and told him that he was returning from the infirmary. Sgt. Willis opened the gate to the dayroom, and the Plaintiff went inside. The Plaintiff noted that the dayroom does not have any toilets, although it does have urinals. He further testified that he did not need to use a toilet at that time. Several minutes later, however, he needed to go to the toilet. He pleaded with Sgt. Willis for twenty to thirty minutes to allow him to go to his cell to use the toilet facilities. He told Sgt. Willis that he had been to the infirmary due to a stomach virus. Sgt. Willis told him to ask the roving officer. The Plaintiff, however, was never permitted to leave the dayroom. The Plaintiff finally had to defecate on the floor behind a bench in the dayroom. He testified that defecating in the dayroom was potentially dangerous because other inmates could have felt that he was disrespecting them, but he specified that he was not injured on that day.

The Plaintiff testified that the prison system has an in-and-out policy where the doors to the dayroom are supposed to be opened every hour in the event an inmate needs to return to his cell. He had just missed the previous in-and-out when he returned from the infirmary. He noted that the one hour in-and-out policy is not always followed. Inmates may have to wait up to two or three hours during count time or delays associated with inmates going to the chow hall. Nonetheless, on this particular occasion, he just missed the previous in-and-out and was not permitted to leave the dayroom before the next in-and-out, regardless of his condition. He noted that Sgt. Willis just

2

laughed about his situation.  On the other hand, Captain Noah Walker permitted him to go to the shower to clean up.  Other than Sgt. Willis, the remaining Defendants were supervisory and grievance officials who either failed to solve the problem of inmates' lack of access to toilets while in the dayroom or were otherwise involved in the denial of his grievances.

Warden Eddie Baker testified that the prison system has an in-and-out policy permitting inmates to go in or out of the dayroom every hour.  Supervisory officers have the discretion to permit inmates to leave the dayroom at other times.  He characterized their discretion as a judgment call.

<u>Discussion and Analysis</u>

The Eighth Amendment prohibits the imposition of cruel and unusual punishment.  The standard of determining whether the conditions are cruel and unusual "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1984).  Conditions "alone or in combination" may amount to a constitutional violation.  *Id.* at 347.  In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court stressed that the Constitution does not mandate comfortable prisons and only deprivations denying "the minimal civilized measure of life's necessities" form the basis of an Eighth Amendment violation.  Conditions that are "restrictive or even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society."  *Rhodes v. Chapman*, 452 U.S. at 347.  At the same time, in order to state a cognizable claim, a prisoner must allege facts showing that jail officials acted with a culpable state of mind -- that they acted with deliberate indifference.  *Wilson*, 501 U.S. at 302-303;  *Alberti v. Sheriff of Harris County, Texas*, 937 F.2d 984, 1004 (5th Cir. 1991).

The Fifth Circuit has considered a variety of cases which illustrate the type of conditions that are necessary to be considered cruel and unusual.  In *Bienvenu v. Beauregard Parish Police Jury*,

705 F.2d 1457 (5th Cir. 1983), the Court held that allegations of a cold, rainy, roach-infested jail cell, with inoperative toilet facilities stated a cause of action.  In *Palmer v. Johnson*, 193 F.3d 346, 353 (5th Cir. 1999), the Fifth Circuit held that there was an Eighth Amendment violation where inmates were herded into a small outdoor space, deprived of protection from excessive cold and wind, and provided no sanitary means of disposing of their waste, even though the inmates were exposed to such conditions for only seventeen hours.  It should be noted that the Supreme Court has held that the length of time an inmate is exposed to the offending conditions should be taken into account. *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell . . . might be tolerable for a few days and intolerably cruel for weeks or months.").  The Court's initial impression of the present case is that the conditions were far less extreme than the conditions described in *Palmer v. Johnson,* and that the Plaintiff was exposed to such conditions for a relatively short period of time.

The case should be dismissed, however, for the same reason why the Fifth Circuit affirmed the dismissal of two inmates' claims in *Alexander v. Tippah County, Mississippi*, 351 F.3d 626 (5th Cir. 2003).  The facts in *Alexander* reveal that the two inmates were placed in a cell that had no running water nor toilet facilities.  The only sanitary facility was a grate-covered hole in the floor, which had to be "flushed" from outside the room.  *Id.* at 627.  Inmate Carroll developed an upset stomach and had to defecate into the floor drain.  He was given only one sheet of toilet paper in which to clean himself.  The feces from both inmates obstructed the hole and they attempted to push the feces down the hole with a piece of paper plate, which further obstructed the hole.  They subsequently attempted to urinate, but the clogged drain caused the urine to splatter onto the cell floor.  Carroll eventually became nauseated from the smell and vomited into the drain.  The Fifth Circuit declined to decide whether holding the two inmates in the cell for twenty-four hours violated

4

their Eighth Amendment rights.  *Id.* at 631.  The Fifth Circuit, instead, found that the inmates were not entitled to relief as a matter of law because their physical injuries, consisting of nothing more than nausea, were *de minimis*.  *Id.*  They did not sustain an injury sufficient to trigger the protection of the Constitution.  The Fifth Circuit further noted that they could not recover for mental and emotional damages due to the lack of a physical injury in light of 42 U.S.C. § 1997e(e).  *Id.*

In the present case, the Plaintiff admitted that he did not sustain any physical injuries.  He testified that it was not so much that he suffered any injuries; instead, he was put in a position where injuries were possible at the hands of other inmates if they were offended by him defecating in their presence.  Nonetheless, due to the lack of injuries in this case, the Court is obligated to follow the holding in *Alexander* and find that the Plaintiff is not entitled to relief.  The Plaintiff's claim fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact.  The lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  All motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 15th day of February, 2007.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

5